## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LOUIE F. SEDILLO,

       Plaintiff,

v.                         No. CIV-06-0329 MCA/DJS

KATHLEEN O. AYALA,
LINDA LONSDALE,
MICHAEL VIGIL,
HENRY VALDEZ,

       Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The required filing fee for this civil rights complaint is $350.00. Plaintiff will be required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). The IFP motion will be granted, and for the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human*

*Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

At the time of the events giving rise to this action, three of the named Defendants were New Mexico prosecutors, and the other was a judge of the New Mexico First Judicial District.  The complaint alleges that Defendants prosecuted and incarcerated Plaintiff on charges that had been dismissed.  Plaintiff asserts that Defendants' actions violated his due process and equal protection rights and amounted to double jeopardy, cruel and unusual punishment, and seizure without probable cause.  He further asserts that Defendants acted with deliberate indifference and conspired to convict him.  The complaint seeks damages.

Plaintiff's claims against Defendant (Judge) Vigil are barred by judicial immunity.  "It is well-settled that judges have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties."  *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978) (additional citations omitted)).  This is true regardless of the judge's motive.  *See Stump*, 435 U.S. at 356-57.  Moreover, a judge has absolute immunity even if he or she does not in fact have jurisdiction over a particular cause, so long as the actions are in the judge's judicial capacity.  *See id*.  The Court will dismiss Plaintiff's claim for damages against Defendant Vigil as frivolous pursuant to 28 U.S.C. § 1915(e).

Plaintiff's claims against the state prosecutors appear to call into question the constitutionality of the criminal conviction by which Plaintiff is incarcerated.  These claims are barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would

2

necessarily imply the invalidity of his conviction or sentence." *Id*. at 487.  The complaint does not allege that Plaintiff's conviction has been set aside, *see id*. at 486-87, and the Court notes that Plaintiff raises several of the same claims in his pending habeas corpus proceeding, *Sedillo v. Tipton*, No. CV 05-1241 JH/KBM.  Plaintiff's allegations fail to state cognizable constitutional claims under § 1983 at this time.  *See Webber v. Weaver*, No. 00-6093, 2001 WL 237344, at *2  (10th Cir. Mar. 9, 2001); *but see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that a plaintiff who overturns conviction may then bring § 1983 action).

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff is required to make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee.  The Clerk shall provide Plaintiff with two copies of the post-filing financial certificate, and Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Vigil are DISMISSED with prejudice, otherwise Plaintiff's complaint is DISMISSED without prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE